J-S33006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
:
BRIAN ROY MILLER :
:
Appellant : No. 1919 MDA 2018

Appeal from the Judgment of Sentence Entered August 1, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000674-2018

BEFORE: LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED JULY 12, 2019**

Brian Roy Miller appeals from the judgment of sentence, entered in the Court of Common Pleas of Dauphin County, following his conviction of simple assault with a hypodermic needle[1] and unlawful possession of drug paraphernalia.[2] After careful review, we affirm.

On September 1, 2017, multiple police officers were dispatched to the south end of City Island, Harrisburg, where there was a report of a suspicious vehicle. Upon arrival, officers observed Miller in the back seat of the driver's side of the vehicle, an unwrapped cigar on Miller's lap, and a water bottle cap laying directly beneath his feet. Officer Daniel Antoni then observed an orange syringe cap on the floorboard in front of Miller. Suspecting heroin usage,

---

[1] 18 Pa.C.S.A. § 2701(a)(4).

[2] 35 P.S. § 780-113(a)(32).

Officer Antoni instructed Miller to exit the vehicle so he could perform a pat down.  When Officer Antoni inquired multiple times if he had anything on his person, including any needles that could harm someone, Miller equivocated.  Officer Antoni began his pat down and was poked by a hypodermic needle concealed in Miller's waistband.  At no point did Miller tell Officer Antoni to stop, nor did he suggest there could be a needle in his waistband.

On August 1, 2018, following a bench trial, Miller was convicted of simple assault with a hypodermic needle and unlawful possession of drug paraphernalia.  The court sentenced Miller to two years and six months of county supervision and fines totaling $75 plus costs.  On August 3, 2018, Miller filed a post-sentence motion, raising issues regarding the sufficiency and weight of the evidence.  The court denied this motion and Miller filed a timely notice of appeal.  On November 27, 2018, the court instructed Miller to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Miller filed his Rule 1925(b) statement on December 10, 2018.  Miller raises the following issue for our review:

> Did the Commonwealth lack sufficient evidence to convict [Miller] of simple assault by penetration with a hypodermic needle beyond a reasonable doubt where the Commonwealth failed to prove that [Miller] acted intentionally or knowingly in penetrating Officer Daniel Antoni?

Appellant's Brief, at 4.

Our standard of review with regard to sufficiency of the evidence claims is well-settled:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

**Commonwealth v. Karkaria**, 625 A.2d 1167 (Pa. 1993); **Commonwealth v. Chambers**, 599 A.2d 630 (Pa. 1991).

A person is guilty of the offense of simple assault if he:

Conceals or attempts to conceal a hypodermic needle on his person and intentionally or knowingly penetrates a law enforcement officer or an officer or an employee of a correctional institution, county jail or prison, detention facility or mental hospital during the course of an arrest or any search of the person.

18 Pa.C.S.A. § 2701(a)(4).

After reviewing the certified record, the briefs of the parties, and the applicable law, we conclude that the Commonwealth presented sufficient evidence to convict Miller beyond a reasonable doubt. So long as the evidence offered, when accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crime beyond a reasonable doubt, the convictions will be upheld. **Commonwealth v. Brewer**, 876 A.2d 1029, 1032 (Pa. Super. 2005). At trial, the officers' testimony indicated that Miller confirmed the presence of a needle, but it may have fallen onto the car floor, might be in his right pocket, but never indicated

it could be in his waistband.  N.T. Bench Trial, 8/1/18, at 10, 22-25.  Each answer given was different and vague, leaving officers unaware of the presence of a needle or its location, resulting in its concealment.

The Commonwealth also presented sufficient evidence to prove that Miller acted with knowledge as to the concealment of the needle.  The evidence suggests Miller must have been aware that his conduct would likely result in the outcome of an officer being poked by his needle during a pat down.  18 Pa.C.S.A. § 302(b)(2).  Miller was aware that Officer Antoni could encounter the needle and did not attempt to warn him.  Miller never implied the needle could be in his waistband, giving Officer Antoni no indication to proceed with extra caution during the pat down.  Instead, Miller suggested two alternate locations, leaving the officer unaware of the concealed needle on Miller's waist.  We conclude, therefore, the evidence was sufficient to support Miller's conviction.  **Brewer**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/12/2019

- 4 -